# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS
### No. 11-806V
### Filed: October 26, 2012

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
DAVID FORRISI,                        *
                                      *
                 Petitioner,          *      Stipulation; Influenza; GBS;
         v.                           *      Attorney Fees and Costs
                                      *
SECRETARY OF HEALTH                   *
AND HUMAN SERVICES,                   *
                                      *
                 Respondent.          *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

## <u>DECISION ON JOINT STIPULATION[1]</u>

**Vowell**, Special Master:

David Forrisi ["petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program[2] on November 30, 2011.

Petitioner alleges his November 22, 2010 influenza ["flu]" vaccine caused his Guillain-Barre Syndrome ["GBS"]. *See* Stipulation, filed October 26, 2012, at ¶¶ 2, 4. Respondent denies that petitioner's flu vaccine is the cause of his alleged GBS, any other injury, or his current disabilities. Stipulation at ¶ 6.

Nevertheless, the parties have agreed to settle the case. On October 26, 2012, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

Respondent agrees to pay petitioner:

- A lump sum payment of **$25,000.00**[3] in the form of a check payable jointly to petitioner and the Pennsylvania Department of Public Welfare, Bureau of Public Integrity, Division of Third Party Liability, Recover Section, P.O. Box 8486, Harrisburg, Pennsylvania, 17105-8486; and

- A lump sum payment of **$50,000.00** in the form of a check payable to petitioner, which represents compensation for all remaining damages that would be available under § 15(a).

**The special master adopts the parties' stipulation attached hereto, and awards compensation in the amount and on the terms set forth therein.**

The parties' October 26, 2012 stipulation also addresses petitioner's attorney fees and costs. Pursuant to General Order #9, the stipulation indicates petitioner incurred no personal litigation costs. I find that this petition was brought in good faith and that there existed a reasonable basis for the claim. Therefore, an award for fees and costs is appropriate, pursuant to §§ 15(b) and (e)(1). Further, the proposed amount seems reasonable and appropriate. **Accordingly, I hereby award $13,000.00[4] in the form of a check payable jointly to petitioner and petitioner's counsel of record, Anne Toale, for petitioner's attorney fees and costs.**

In the absence of a timely-filed motion for review filed pursuant to Appendix B of the Rules of the U.S. Court of Federal Claims, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>s/ Denise K. Vowell</u>
Denise K. Vowell
Special Master

---

[3] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Pennsylvania may have against any individual as a result of any Medicaid payments the State has made to or on behalf of David Forrisi from the date of his eligibility for benefits through the date of judgment in this case as a result of his alleged vaccine-related injury under Title XIX of the Social Security Act.

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

DAVID FORRISI, )
)
)
Petitioner, )
)
v. )  No. 11-806V
)  Special Master Vowell
SECRETARY OF HEALTH AND HUMAN )
SERVICES, )
)
)
Respondent. )
)

STIPULATION

The parties hereby stipulate to the following matters:

1. David Forrisi, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received his flu immunization on November 22, 2010.

3. The vaccine was administered within the United States.

4. Petitioner alleges that the flu vaccine caused his alleged Guillain-Barre Syndrome ("GBS").

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

6. Respondent denies that the flu vaccine caused petitioner's alleged GBS or any other injury or his current disabilities.

1

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

a. A lump sum of $25,000.00 in the form of a check payable to petitioner and The Pennsylvania Department of Public Welfare, Bureau of Public Integrity, Division of Third Party Liability, Recovery Section, P.O. Box 8486, Harrisburg, Pennsylvania, 17105-8486. Petitioner agrees to endorse this payment to the State of Pennsylvania. This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Pennsylvania may have against any individual as a result of any Medicaid payments the State of Pennsylvania has made to or on behalf of David Forrisi from the date of his eligibility for benefits through the date of judgment in this case as a result of his alleged vaccine-related injury suffered on or about December 20, 2010, under Title XIX of the Social Security Act;

b. A lump sum of $50,000.00 in the form of a check payable to petitioner. This amount represents compensation for all remaining damages that would be available under 42 U.S.C. §300aa-15(a); and

c. A lump sum of $13,000.00 in the form of a check jointly payable to petitioner and petitioner's attorney, Anne Carrión Toale, Esq., MAGLIO CHRISTOPHER & TOALE, PA, 1605 Main Street, Suite 710, Sarasota, Florida, 34236, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e). In compliance with General Order #9, petitioner states that he did not incur any out-of-pocket expenses in proceeding on the petition.

9. Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health

2

benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

10. Payments made pursuant to paragraph 8 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees, litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

12. In return for the payments described in paragraph 8, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on November 22, 2010, as alleged by petitioner in a petition for vaccine compensation filed on or about November 30, 2011, in the United States Court of Federal Claims as petition No. 11-806V.

13. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

3

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages, as well as attorneys' fees and costs claimed under the National Childhood Vaccine Injury Act of 1986, as amended. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that flu vaccine caused petitioner's alleged GBS or any other injury or his current disabilities.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/

/

/

/

/

Respectfully submitted,

PETITIONER:

DAVID FORRISI

ATTORNEY OF RECORD FOR
PETITIONER:

ANNE CARRION TOALE
MAGLIO CHRISTOPHER &
TOALE, PA
1605 Main Street, Suite 710
Sarasota, FL 34236
(888) 952-5242

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

VINCENT J. MATANOSKI
Acting Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

VITO CASERTA, M.D., M.P.H.
Acting Director, Division of Vaccine
Injury Compensation (DVIC)
Director, Countermeasures Injury
Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

CLAUDIA B. GANGI
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4138

Dated: 10-26-12